IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

USDC- GREENBELT
'23 APR 12 PM 1:54

MAURICE ROBINSON,

    Plaintiff,

v.

TAVON BASEMOOR, et al.,

    Defendants.

Civil Action No.: 1:23-cv-278-LKG

Dated: April 12, 2023

## MEMORANDUM OPINION

On February 2, 2023, self-represented plaintiff Maurice Robinson filed the above-captioned civil complaint against defendants Tavon Basemoor, Johnathan Williams, Brandy Stockdale, and Laverne Burns, all allegedly employees of Child Protective Services ("CPS") in Baltimore, Maryland. ECF No. 1 at 2-3. The Complaint is confusing and lacks detail, however it seems to challenge child custody proceedings regarding Robinson's son. *Id.* at 6. Robinson alleges that he has completed everything that Defendants have asked of him with regard to his child custody case, but that they lied about him in court.[1] *Id.* He seeks monetary damages in the amount of $20 million. *Id.* at 7. Robinson also filed a Motion to Proceed in Forma Pauperis, ECF No. 2, which shall be granted. However, the Complaint must be dismissed for lack of jurisdiction.

This Court is mindful of its obligation to liberally construe the pleadings of self-represented litigants, such as the instant Complaint. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating such a complaint, the factual allegations are assumed to be true. *Id.* at 93 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). Nonetheless, liberal construction does not mean that this Court can ignore a clear failure in the pleadings to allege

---

[1] Robinson also alleges that defendant Burns "came at [him] with a gun off work," but this allegation appears to be demonstrative of his problems with Burns in the context of his custody case rather than stated as a separate claim for relief. ECF No. 1 at 6. Notably, Robinson does not allege that he suffered any harm as a result of this incident.

facts which set forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

District courts are of limited jurisdiction, hearing cases or controversies as established by federal statute. The Court may adjudicate claims that arise under the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 1331; *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005) (federal question jurisdiction). Additionally, the Court may hear an action where parties are citizens of different states and the amount-in-controversy exceeds $75,000. *See* 28 U.S.C. § 1332 (diversity jurisdiction); *Stouffer Corp. v. Breckenridge*, 859 F.2d 75, 76 (8th Cir. 1988); *McDonald v. Patton*, 240 F.2d 424, 425-26 (4th Cir. 1957). Under the "well-pleaded complaint" rule, the facts showing the existence of subject matter jurisdiction "must be affirmatively alleged in the complaint." *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999) (citing *McNutt v. Gen'l Motors Acceptance Corp.*, 298 U.S. 178 (1936)). "A court is to presume, therefore, that a case lies outside its limited jurisdiction unless and until jurisdiction has been shown to be proper." *United States v. Poole*, 531 F.3d 263, 274 (4th Cir. 2008) (citing *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994)). The "burden of establishing subject matter jurisdiction is on . . . the party asserting jurisdiction." *Robb Evans & Assocs., LLC v. Holibaugh*, 609 F.3d 359, 362 (4th Cir. 2010); *accord Hertz v. Friend*, 559 U.S. 77, 96 (2010); *McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir. 2010).

While the exact nature of Robinson's claims is unclear, it is evident that he is dissatisfied with decisions made and actions taken in a state child custody case in Baltimore, Maryland. ECF No. 1 at 6. Robinson cites several statutes, alleging "subornation of perjury 18 USC 1822 denied provision in the Constitution 18 USC 3571 deprivation of rights 18 USC 242." Id. at 4. =The cited statutes either do not exist or do not provide a private cause of action. Furthermore, matters of family law have traditionally been reserved to the state or municipal court systems with their expertise and professional support staff. *See Moore v. Sims*, 442 U.S. 415, 435 (1979). Under the domestic relations exception to federal jurisdiction, federal courts do not have the power to intervene with regard to child custody or visitation decrees. *Ankenbrandt v. Richards*, 504 U.S. 689, 703-05 (1992).

Robinson's issues regarding his child custody case simply do not confer federal jurisdiction. Nor does the Complaint demonstrate the existence of diversity jurisdiction; Robinson and all defendants appear to be citizens of Maryland. ECF No. 1 at 4-5. *See* 28 U.S.C.

2

§ 1332(a)(1).  Thus, this Court must dismiss the complaint for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Without a jurisdictional basis for suit in federal court, Robinson's claims cannot proceed. The federal rules require dismissal anytime there is a determination that jurisdiction does not exist. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").  Accordingly, the Court must dismiss the Complaint without prejudice for lack of jurisdiction pursuant to Federal Rule of Civil Procedure 12(h)(3).  This dismissal does not prejudice plaintiff's right to present his claims in the Maryland state courts.  A separate Order follows.

April 12, 2023
Date

LYDIA K. GRIGGSBY
United States District Judge

3